UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JEREMY BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-2-CEA-JEM |
| | ) | |
| TESHIA BLACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Cure Service Defect and Request for Extension of Time to Re-Serve Defendants [Doc. 51]. No party has responded in opposition to the motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 51**].

I.     **BACKGROUND**

On January 6, 2025, Plaintiff filed his Complaint [Doc. 2]. He originally sought to proceed in forma pauperis [Doc. 1]. But on March 7, 2025, Plaintiff paid the filing fee, meaning he had until June 5, 2025, to obtain service. *See Vallon v. Comm'r of Soc. Security Admin.*, No. 3:16-cv-703, 2018 WL 4945221, at *1 (E.D. Tenn. Apr. 27, 2018) ("[A] complaint is not 'filed' until IFP status is granted or a filing fee is paid." (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998))). On April 9, 2025, United States District Judge Charles A. Atchley "placed [Plaintiff] on notice that this action may be dismissed if he fail[ed] to properly serve the

[D]efendants with summonses and a copy of his [C]omplaint . . . on or before June 5, 2025" [Doc. 18 pp. 1–2 (emphasis omitted)].

On June 10, 2025, Plaintiff filed his motion seeking additional time to serve Defendants Jimmy Dunn, Nick Kear, Josh Hall, Brittany Wilson, and Yvonne Trivett [Doc. 51]. Plaintiff states that he "attempted service of the Complaint and [s]ummons on several [D]efendants, including Detective Josh Hall, Brittany Wilson, and Yvonne Trivett, via [c]ertified [m]ail to their place of employment" [*Id.* ¶ 1]. According to Plaintiff, he "has now been advised that such service may not satisfy the requirements of Rule 4(e) of the Federal Rules of Civil Procedure, which requires personal delivery or service upon an authorized agent" [*Id.* ¶ 2]. He therefore seeks "leave of the Court to cure any technical defects in service and to personally re-serve . . . the [D]efedants using proper means, including by private process server or sheriff's civil division" [*Id.* ¶ 3]. Plaintiff asks the Court for an additional 30 days to serve these Defendants [*Id.* ¶ 4].

## II. ANALYSIS

Plaintiff's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, then

2

the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

In light of his pro se status, the Court finds that Plaintiff has shown good cause for an extension to serve Defendants Josh Hall, Brittany Wilson, and Yvonne Trivett given that he made a reasonable and diligent effort to serve them. He explains that he attempted to serve them via certified mail at their place of employment. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period" with respect to these Defendants. *See* Fed. R. Civ. P. 4(m).

Plaintiff does not explain any attempts to serve Defendants Jimmy Dunn and Nick Kear before the deadline [*See* Docs. 51-1 pp. 1–4]. Even so, the Court is allowed to grant a discretionary extension of time. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). The United States Court of Appeals for the Sixth Circuit states that courts should consider the following factors when the plaintiff has not shown good cause:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good

3

faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id*.

Here, an extension of time is not well beyond the timely service of process, and there is no evidence that an extension would prejudice these Defendants. Further, Plaintiff has attempted service, although on the deadline to do so [*See* Docs. 51-1 pp. 1–4]. But the Court also acknowledges that Plaintiff is proceeding pro se, which weighs in favor of an extension. Given that, the Court exercises its discretion to allow an extension.[1]

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Cure Service Defect and Request for Extension of Time to Re-Serve Defendants [**Doc. 51**].[2] Considering the time it will take for Plaintiff to receive this Memorandum

---

[1] Plaintiff filed his motion after the June 5 deadline to serve. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four relevant factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted). The Court finds these factors weigh in favor of Plaintiff's motion for largely the same reasons as above.

[2] Plaintiff also asks that the Court "[d]eny as moot the [Rule] 12(b)(5) defense upon completion of valid service" [Doc. 51 p. 3]. Given that Plaintiff has not completed service, this request is premature.

4

and Order, the Court **ORDERS** Plaintiff to serve Defendants Josh Hall, Brittany Wilson, Yvonne Trivett, Jimmy Dunn, and Nick Kear on or before **July 18, 2025**.

    **IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge